# STATE OF WEST VIRGINIA
# SUPREME COURT OF APPEALS

*In re* **H.W.**

**No. 22-780** (Randolph County 22-JA-46)

## MEMORANDUM DECISION

Petitioner Mother S.C.[1] appeals the Circuit Court of Randolph County's September 14, 2022, order denying her motion for an improvement period and terminating her parental rights to the child, H.W.[2] Upon our review, we determine that oral argument is unnecessary and that a memorandum decision affirming the circuit court's order is appropriate. *See* W. Va. R. App. P. 21.

In June 2022, the DHHR filed a petition alleging that petitioner gave birth to the child while in jail awaiting indictment for drug charges and that her rights to one older child had been previously involuntarily terminated based on substance abuse.[3] The circuit court held an adjudicatory hearing in July 2022, during which petitioner stipulated to the allegations in the DHHR's petition. Petitioner further stipulated that the prior abuse and neglect proceedings resulting in termination of her parental rights constitute aggravated circumstances in this case. Accordingly, the circuit court adjudicated petitioner as an abusing and neglecting parent. At some point in time petitioner moved the court for a post-adjudicatory improvement period. The record does not reflect that petitioner filed a written motion, and the record on appeal does not clearly establish when she filed the motion.

The circuit court proceeded to disposition in August 2022, at which time the DHHR and the guardian supported denial of an improvement period and termination of petitioner's parental

---

[1]Petitioner appears by counsel J. Brent Easton. The West Virginia Department of Health and Human Resources ("DHHR") appears by counsel Attorney General Patrick Morrisey and Assistant Attorney General Katica Ribel. Counsel Heather Weese appears as the child's guardian ad litem.

[2]We use initials where necessary to protect the identities of those involved in this case. *See* W. Va. R. App. P. 40(e).

[3]Additionally, petitioner voluntarily relinquished her rights to four other children in an abuse and neglect proceeding initiated in 2015 after petitioner gave birth to a drug-exposed infant. Petitioner participated in an improvement period, which ended unsuccessfully after she tested positive for numerous substances.

rights. The court heard testimony of petitioner, indicating that she remained in jail on the pending drug charges and was anticipating indictment in October 2022. Petitioner asserted that she enrolled in education classes offered at the jail and would participate in an improvement period if granted one; however, she admitted that she had participated in improvement periods in the past abuse and neglect matters, which resulted in termination of her parental rights.

At the conclusion of the testimony, the circuit court denied petitioner's motion for an improvement period. The court emphasized that petitioner's prior terminations constituted aggravated circumstances[4] and she failed to show that she changed her circumstances since that time. The court also found that the services petitioner was able to participate in would not be sufficient to meaningfully address the parenting deficits in this matter. The court concluded that petitioner had not proven that she is likely to fully participate in an improvement period. The court then terminated petitioner's parental rights. The court found that petitioner made no effort to address the substance abuse and other conditions leading to the termination of her parental rights to her other children because she was using drugs until she was taken into custody and determined to be pregnant with the child, H.W. Thus, the circuit court concluded that there was no reasonable likelihood that the conditions of abuse and neglect could be substantially corrected in the near future and that termination of her parental rights was necessary to ensure the best interest and welfare of the child. It is from the dispositional order that petitioner appeals.[5]

On appeal from a final order in an abuse and neglect proceeding, this Court reviews the circuit court's findings of fact for clear error and its conclusions of law de novo. Syl. Pt. 1, *In re Cecil T.*, 228 W. Va. 89, 717 S.E.2d 873 (2011). Before this Court, petitioner argues that the circuit court abused its discretion by denying her motion for a post-adjudicatory improvement period and instead terminating her parental rights. Upon our review, we find no error.

Petitioner's argument concerning a post-adjudicatory improvement period is unavailing because the record is devoid of a written motion. As we have explained, "[a] circuit court may not grant a post-adjudicatory improvement period under W. Va. Code § 49-4-610(2) (eff. 2015) unless the respondent to the abuse and neglect petition files a written motion requesting the improvement period." Syl. Pt. 4, *State ex rel. P.G.-1 v. Wilson*, 247 W. Va. 235, 878 S.E.2d 730 (2021). On appeal, petitioner claims that she filed a written motion, but her citations to the record reveal no

---

[4]We have found that,

> [t]echnically, a prior termination does not constitute "aggravated circumstances," but rather is listed alongside other specifically delineated aggravated circumstances (i.e., abandonment, torture, chronic abuse and sexual abuse) as an equal basis upon which to find that reunification efforts are unnecessary. It is, however, commonly referred to as an aggravated circumstance . . . .

*In re A.P.*, 245 W. Va. 248, 263 n.18, 858 S.E.2d 873, 888 n.18 (2021); W. Va. Code § 49-4-602(d)(3).

[5]The father of the child voluntarily relinquished his parental rights at the dispositional hearing in July 2022. The permanency plan for the child is adoption in the current foster placement.

evidentiary support. Because the record does not indicate that a written motion was filed, petitioner cannot be entitled to relief.

Turning to disposition, this Court finds no error in the circuit court's termination of petitioner's parental rights. We have held as follows:

> "Termination of parental rights, the most drastic remedy under the statutory provision covering the disposition of neglected children, [West Virginia Code § 49-4-604] . . . may be employed without the use of intervening less restrictive alternatives when it is found that there is no reasonable likelihood under [West Virginia Code § 49-4-604(d)] . . . that conditions of neglect or abuse can be substantially corrected." Syllabus point 2, *In re R.J.M.*, 164 W.Va. 496, 266 S.E.2d 114 (1980).

Syl. Pt. 5, *In re Kristin Y.*, 227 W. Va. 558, 712 S.E.2d 55 (2011). Here, the court considered evidence that petitioner was unsuccessful in prior improvement periods, including one that resulted in the involuntary termination of her parental rights to another child; petitioner's drug use following said prior termination; and the fact that petitioner was in jail and would not be able to meaningfully participate in services to correct the problems of abuse and neglect.[6] Based on the foregoing, the circuit court found improvement would not be likely. Not only are circuit courts directed to terminate parental rights upon this finding when termination is necessary for the children's welfare, but we have also previously held as follows:

> [w]here there has been a prior involuntary termination of parental rights to a sibling, the issue of whether the parent has remedied the problems which led to the prior involuntary termination sufficient to parent a subsequently-born child must, at minimum, be reviewed by a court, and such review should be initiated on a petition pursuant to the provisions governing the procedure in cases of child neglect or abuse set forth in West Virginia Code §§ [49-4-601 through 49-4-610]. Although the requirement that such a petition be filed does not mandate termination in all circumstances, the legislature has reduced the minimum threshold of evidence necessary for termination where one of the factors outlined in West Virginia Code § [49-4-605(a)] is present.

---

[6]Petitioner additionally argues that, although she could not post bond, she would have been released if not indicted in the October 2022 term of court and could have thereafter participated more fully in an improvement period. However, we note that Rule 5 of the Rules of Procedure for Child Abuse and Neglect Proceedings provides that "[u]nder no circumstances shall a child abuse and neglect [proceeding] be delayed pending the initiation, investigation, prosecution, or resolution of any other proceeding, including, but not limited to, criminal proceedings." As such, the circuit court did not err in its decision considering that the court had no knowledge at that time when or if petitioner would be indicted, whether she would be ultimately convicted, or what her potential sentence would be if she were to be convicted.

*In re Kyiah P.*, 213 W. Va. 424, 427, 582 S.E.2d 871, 874 (2003) (quoting Syl. Pt. 2, *In the Matter of George Glen B.*, 205 W. Va. 435, 518 S.E.2d 863 (1999)). The circuit court specifically reviewed petitioner's prior involuntary termination as set forth in the DHHR's petition and concluded that the same conditions of abuse and neglect affected H.W. Therefore, it was not error for the circuit court to terminate petitioner's parental rights.

For the foregoing reasons, the circuit court's dispositional order of September 14, 2022, is hereby affirmed.

Affirmed.

**ISSUED**: September 20, 2023

**CONCURRED IN BY**:

Chief Justice Elizabeth D. Walker
Justice Tim Armstead
Justice John A. Hutchison
Justice William R. Wooton
Justice C. Haley Bunn